IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID EARL FRAZIER, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| GAIL S. TUSAN, | : | CIVIL ACTION NO. |
| Defendant. | : | 1:16-CV-0908-WSD-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Plaintiff, David Earl Frazier, confined in Johnson State Prison in Wrightsville, Georgia, has submitted a *pro se* civil rights complaint. The Court previously granted Plaintiff *in forma pauperis* status, and the matter is now before the Court on the complaint [1] for screening under 28 U.S.C. § 1915A.

**I.     28 U.S.C. § 1915A Standard**

Section 1915A requires the federal court to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Bingham v. Thomas, 654 F.3d 1171, 1175

(11th Cir. 2011) (quoting <u>Miller v. Donald</u>, 541 F.3d 1091, 1100 (11th Cir. 2008)) (internal quotation marks omitted).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  "A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility" and inform the defendant of "the factual basis" for the complaint.  <u>Johnson v. City of Shelby</u>, _ U.S. _, 135 S. Ct. 346, 347 (2014).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff.  <u>Franklin v. Curry</u>, 738 F.3d 1246, 1248 (11th Cir. 2013); <u>see also</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations).  Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers.  <u>Bingham</u>, 654 F.3d at 1175.  Although courts show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  <u>Campbell v. Air Jamaica Ltd.</u>, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting <u>GJR Invs., Inc. v. Cnty. of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998)) (internal quotation marks omitted), <u>cert. denied</u>, _ U.S. _, 135 S. Ct. 759 (2014).

2

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. Bingham, 654 F.3d at 1175. If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

As a preliminary matter, Plaintiff's criminal background is briefly reviewed as his claim is based on the interplay between his Fulton County criminal case number 00SC02472 and his DeKalb County criminal case number 97CR1699-B. (See Compl. ¶ IV, ECF No. 1); see also Frazier v. State, 302 Ga. App. 346, 347, 691 S.E.2d 247, 248 (2010) (discussing interplay between the two cases). In February 1998, Plaintiff was acquitted in DeKalb County on one count of child molestation and convicted on two counts of child molestation, which convictions were reversed for retrial. Frazier v. State, 241 Ga. App. 125, 125-26, 524 S.E.2d 768, 769-70 (1999); see also Frazier, 302 Ga. App. at 346, 691 S.E.2d at 248. In 2000, before his DeKalb County retrial, the Fulton County court admitted similar transaction evidence based on the crimes

3

involved in the DeKalb County case, and Plaintiff was convicted in Fulton County on three counts of child molestation. Frazier v. State, 261 Ga. App. 508, 510, 583 S.E.2d 188, 190 (2003) (finding that trial court properly admitted similar transaction evidence); see also Frazier, 302 Ga. App. at 347, 691 S.E.2d at 248.  On retrial in DeKalb County, the trial court admitted similar transaction evidence based on the crimes involved in the Fulton County case, and Plaintiff again was convicted on two counts of child molestation. Frazier v. State, 252 Ga. App. 627, 630, 557 S.E.2d 12, 16 (2001) (finding no error in admission of similar transaction evidence); see also Frazier, 302 Ga. App. at 347, 691 S.E.2d at 248.

Plaintiff brings this civil rights action against the Honorable Gail S. Tusan, Fulton County Superior Court Chief Judge. (Compl. ¶ III, ECF No. 1).  Plaintiff bases his claim on the interplay between his Fulton County case and his DeKalb County case and alleges that Judge Tusan erred by admitting evidence of prior transactions from his DeKalb County crimes, giving jury instructions, determining the sufficiency of the evidence, and imposing sentence in his Fulton County case, which was then used as similar transaction evidence in the second trial in his DeKalb County case. (Id. ¶ IV). Plaintiff seeks damages and equitable relief including enjoining the Georgia

4

Department of Corrections from requiring Plaintiff to register as a sex offender and ordering Judge Tusan to write a letter of apology.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir.2000)) (internal quotation marks omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. (quoting Bolin, 225 F.3d at 1239) (internal quotation marks omitted). Section 1983 bars injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Thus, in any § 1983 action against a judicial officer for actions taken in a judicial capacity, the plaintiff is limited to declaratory relief. Bolin, 225 F.3d at 1242.  Further, when there are adequate remedies at law (such as appealing from a contested ruling or seeking mandamus relief), a § 1983 claim for declaratory relief against a judge is subject to dismissal. Bolin, 225 F.3d at 1242-43 & n.7.

5

It is apparent that the issues raised by Plaintiff have been throughly reviewed by the Georgia Court of Appeals. Moreover, Judge Tusan was acting within her judicial capacity, and she is, therefore, immune from any damage claims. Further, § 1983 bars injunctive relief, and, as the law provided Plaintiff with other remedies – such as appeal or seeking state mandamus relief, he is not entitled to declaratory relief.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** for failure to state a claim.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO DIRECTED and RECOMMENDED** this 3rd day of June, 2016.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE