IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID EARL FRAZIER,<br><br>           Plaintiff,<br><br>     v.<br><br>GAIL S. TUSAN, (Personal and Official Capacity),<br><br>           Defendant. | 1:16-cv-908-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [4] ("R&R"). The R&R recommends the Court dismiss this action pursuant to 28 U.S.C. § 1915A.

**I.   BACKGROUND**

On March 18, 2016, Plaintiff David Earl Frazier ("Plaintiff"), confined in Johnson State Prison in Wrightsville, Georgia, submitted his *pro se* civil rights complaint. Plaintiff alleges the Honorable Gail S. Tusan, Fulton County Superior Court Chief Judge, who presided over Plaintiff's trial for child molestation, erred in admitting certain evidence, giving jury instructions, and determining the sufficiency of the evidence. Plaintiff brings his claim under 42 U.S.C. § 1983, and seeks damages and equitable relief including enjoining the Georgia Department of

Corrections from requiring Plaintiff to register as a sex offender and ordering Judge Tusan to write a letter of apology.

On June 3, 2016, the Magistrate Judge issued her R&R.  The Magistrate Judge noted that judges are entitled to absolute judicial immunity, Section 1983 bars injunctive relief, and the law provided Plaintiff with other remedies such as appeal or seeking state mandamus relief.  The Magistrate Judge thus found Plaintiff's Section 1983 claim fails, and she recommends this action be dismissed for failure to state a claim.  Plaintiff did not file any objections to the R&R, and has not otherwise taken any action in this case.

## II.   ANALYSIS

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  No party objects to the R&R, and the Court thus conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.     Discussion

Section 1915A requires a federal court to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."  Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (internal quotation marks omitted) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir.2000)).  Section 1983 bars injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  Thus, in any Section 1983 action against a judicial officer for actions taken in a judicial capacity, the plaintiff is limited to declaratory relief.  Bolin, 225 F.3d at 1242.  When there are adequate remedies at law, a Section 1983 claim for declaratory relief against a judge is subject to dismissal.  Id. at 1242-43 & n.7.

The Magistrate Judge found that the issues raised by Plaintiff were thoroughly reviewed by the Georgia Court of Appeals.  She found Judge Tusan was acting within her judicial capacity and is thus immune from any damage claims.  The Magistrate Judge further found the law provided Plaintiff with other remedies, such as appeal or seeking state mandamus relief, and he is not entitled to declaratory relief.  The Magistrate Judge recommends the Court dismiss this action pursuant to 28 U.S.C. § 1915A.  The Court finds no plain error in these findings and recommendation, and this action is dismissed.  See Slay, 714 F.2d at 1095.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [4] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** this 24th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE